FILED
1/15/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERALDINE TALLEY HOBBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-03842 (UNA) |
| ) | |
| UNITED STATES GOVERNMENT, *et al.*,) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's application for leave to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants eceive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C.

2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of Bowie, Maryland, has filed a prolix complaint and exhibits totaling approximately 1,500 pages. She sues the United States Office of Personnel Management and one of its officials. She also sues District of Columbia Public Schools and several of its associated offices and employees. Due to the length of the pleading alone, neither the court nor defendants can reasonably be expected to identify all of the plaintiff's claims, and defendants cannot be expected to prepare an answer or dispositive motion. Further, a complaint "shall [not] have appended thereto any document that is not essential to determination of the action." D.C. Local Civil Rule 5.1(e). However, to the extent that the court can attempt to review the contents of the pleading, it is nonetheless insufficient.

Plaintiff's claims primarily arise from her former employment with the District of Columbia's public-school system and her alleged wrongful termination in 1995. Here, the ability to analyze the claims for purposes of *res judicata* is particularly important because plaintiff has attempted to file substantially similar actions several times in this District before, to no avail. *See, e.g., Hobby v. Gov't of District of Columbia, et al.,* No. 16-cv-00034 (UNA) (D.D.C. entered Jan. 15, 2016) (dismissing case based on *res judicata*) (collecting cases); *see also Hobby v. District of Columbia*, No. 18-cv-02873 (UNA) (D.D.C. entered Dec. 31, 2018) (same).

Instead of differentiating her intended claims and succinctly identifying her allegations and entitlement to relief, plaintiff presents a rambling and disorganized discussion regarding a range of topics, including, but not limited to: wrongful termination; wide-scale fraud, conspiracy, collusion, and obstruction of justice, allegedly perpetrated by various District of Columbia Mayors and Councilpersons; a general challenge to the District of Columbia Government Comprehensive

Merit Personnel Act of 1978; plaintiff's lack of access to courts; denial of various federal benefits and life insurance; the quality of life of her family, most specifically, her great-grandchildren; civil rights violations, and; plaintiff's entire education and employment history. She demands $10–25 million in damages and seeks a court order directing a litany of federal and Congressional intervention, oversight, and alteration, of District of Columbia laws, policies, and personnel.  She also seeks an "audit of [all] employees who were transferred from the Federal Government to the District of Columbia Government[,]" and "full restoration" of various federal benefits to those employees.

      The intended causes of action are equivocal, and the complaint, in its current form, is mostly incomprehensible.  Plaintiff also fails to set forth allegations with respect to this court's jurisdiction over her entitlement to relief or a valid basis for an award of damages as pleaded.  For these reasons, the case will be dismissed.  A separate order accompanies this memorandum opinion.

Date:  January 15, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge